The statements made in the prevailing opinion, in general, receive my hearty concurrence. The result reached in the opinion is, however, utterly inconsistent. The trial judge properly determined the issue as to the vesting of the estate by operation of law rather than by the terms of the will, and that judgment should be affirmed.
No authority has been cited or can be cited for any such result as is here reached by the majority. Rem. Rev. Stat., § 1380 [P.C. § 10049], does not authorize such procedure, and the rule quoted from 1 Bancroft's Probate Practice, § 110, is to the contrary. As stated by the majority, neither that section nor § 1379 [P.C. § 10048] can compel the production of a will for probate. If appellant refuses so to offer and petition for probate, he still cannot be so compelled.
Only two persons were concerned in this estate after the death of Carrie A. Hyde, and the inference is that they agreed to take under the statute of descent and not by the will. When this proceeding was initiated, the father was dead, and the lips of the only heir were closed by that statute owing to his death.
The supervisor of the inheritance tax and escheat division of the state is not such an interested party as can compel the production and probate of a will.
Neither do I agree with the contention of appellant that the trial court had no right to disregard the will *Page 95 
and determine the matter under the statute of descent as he did.
This decision is a sort of rara avis. There is no guidance in the case for the court or the parties as to how to proceed after the will had been offered for probate.
For these reasons, I dissent.